**In re CFM–ETC., INC., a Florida Corporation, Debtor.**

**Bankruptcy No. 91–14154–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 26, 1992.

See also 139 B.R. 756.

Brian A. Burden, Tampa, Fla., for debtor.

Kevin Graham, Tampa, Fla., for Remote Services, Inc.

## ORDER ON MOTION TO DETERMINE DAMAGES

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties of interest upon the claim for damages filed by Remote Services, Inc. (RSI) incurred in connection with the rejection of the Special Purpose Lease and Motor Fuels Commission Agreement by CFM–ETC., INC. (Debtor). A brief discussion of the relevant facts will help put the matter under consideration into proper focus.

On September 1, 1988, the Debtor, an operator of a convenience food mart, entered into a Special Purpose Lease (Lease) with RSI. (RSI Exh. 1). Under the lease, RSI was to install, repair and maintain underground motor fuel storage tanks on the property leased by the Debtor, for which RSI was to pay the Debtor a rental fee of $1.00 per year. The Lease provides that all of the pumps and other equipment furnished by RSI was to be considered the personal property of RSI. RSI and the Debtor entered into a second agreement, called a Motor Fuels Commission Agreement (Commission Agreement) (RSI.Exh. 2). Under this Agreement, the Debtor was to operate the fuel pumps installed by RSI; sell gasoline supplied by RSI at a price to be determined by RSI; and pay to RSI all of the proceeds from the gasoline, less a commission of $.02 per gallon of gasoline sold. The Lease provided for an initial term of 68 months, and granted RSI the right to extend the Lease for two five-year periods, or for an additional 120 months. The Debtor could terminate the Lease after the initial 68 months upon proper notice.

The Commission Agreement was in effect for one year, and was to be automatically renewed from year to year unless RSI or the Debtor terminated it by providing a 30-day written notice.

The Debtor filed a Petition for Relief under Chapter 11 of the Bankruptcy Code on November 1, 1991. On November 7, 1991, the Debtor filed a Motion to Reject both the Lease and the Commission Agreement with RSI pursuant to § 365 of the Bankruptcy Code. This Court held a hearing on the Motion to Reject both executory contracts and entered an Order granting the Debtor's Motion. The Order granting the Debtor's Motion to Reject provided that RSI could file a claim in connection with the damages incurred based on the Debtor's rejection of the Lease and the Commission Agreement.

RSI contends that its claim for damages should include lost profits for the period from November 1, 1991, through the end of the Lease, including both 60-month option periods. RSI contends that it suffered damages by reason of the Debtor's breach of the Lease and Commission Agreements in the amount of $206,208.65. RSI calculated its damages by multiplying the profit earned during each accounting period by the number of months remaining to the end of the Lease, including the 120-month extension, and then reducing that number to a present value. The Court finds this calculation to be problematic for several reasons. First, the calculation does not consider declines in gasoline sales which occurred during several accounting periods. Second, this Court finds it too speculative to estimate monthly profits twelve years from now based on current data. Finally, this calculation does not take into account the fact that the Lease may be terminated by the Debtor at the end of the initial term of the Lease and the Commission Agreement may be terminated by the Debtor at the end of any year upon 30 days written notice.

■ While RSI recognizes that the Debtor has the ability pursuant to the Lease and Commission Agreement to terminate both at a certain time, RSI contends that the Debtor failed to present any evidence to indicate that the Debtor would actually terminate the Lease and Commission Agreement with RSI. Thus, RSI argues that it is entitled to damages for the entire life of the contracts, including the 120-month option periods.

The Court has reviewed the Lease, which provides in pertinent part that it is in effect for a primary term of 68 months, and thereafter, ... "unless Lessee notifies Lessor in writing of Lessee's desire not to extend the lease, said notice to be given at least 60 days prior to the expiration of the primary term or the first renewal period as the case may be." The Commission Agreement provides that it is in effect as of September 1, 1988 for a term of one year, and "shall be automatically renewed for additional periods of one year each unless either party shall give notice in writing to the other at least thirty (30) days prior to the end of such original term or any extended term as the case may be."

■ Clearly, the Debtor has the right to terminate both the Lease and the Commission Agreement, and this Court is satisfied that any calculation of damages incurred by RSI must consider the Debtor's rejection of the Lease and Commission Agreement. While the Debtor could not terminate the Lease until April 1, 1994, the Debtor has the contractual right to terminate the Commission Agreement in September of each year. Further, the profit earned by RSI is based on the Commission Agreement, not the Lease. Notwithstanding the contention of RSI that the Debtor provided no evidence that it would terminate the Lease and Commission Agreement, this Court finds the Debtor's rejection of these executory contracts pursuant to the Bankruptcy Code is a de facto termination of these contracts. Therefore, this Court is satisfied that RSI is entitled to damages only from November 1, 1991, the date the Debtor filed its petition for relief under Chapter 11, through September 1, 1992, the date the Debtor could have terminated the Commission Agreement. Further, this Court finds that the value of the claim of RSI is $12,250, which is the aver-

age monthly profit of RSI in 1992 multiplied by 10, the number of months for which RSI has a claim for damages.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Remote Services, Inc. has a claim for damages in the amount of $12,250 based on the rejection of the Special Purpose Lease and Motor Fuels Commission Agreement by CFM–ETC, INC. pursuant to § 365 of the Bankruptcy Code.

DONE AND ORDERED.